# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ZENGKUI L., | : |
| Petitioner, | : Case No. 2:19-cv-14350 (BRM) |
| v. | : **MEMORANDUM OPINION** |
| WILLIAM BARR, et al., | : |
| Respondents. | : |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.)

**IT APPEARING THAT:**

1. Petitioner Zengkui L. ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Hudson County Correctional Facility in Kearny, New Jersey. On March 6, 2019, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention pending removal, in the United States District Court for the Southern District of New York. (Amended Petition ("Pet."), ECF No. 2.) He requested the court "[g]rant Petitioner a Writ of Habeas Corpus and order Petitioner's release without any conditions or on any conditions the Honorable Court deems appropriate, including intensive supervision." (Pet. 22.) On June 24, 2019, the Honorable Colleen McMahon, Chief United States District Judge for the Southern District of New York granted Respondent's Motion to Transfer Venue and transferred the Amended Petition to this District. (ECF No. 39.)

2. At the time of filing, both parties agreed Petitioner was detained pursuant to 8 U.S.C. § 1226(a) because he did not yet have a final order of removal. Since the filing of the Amended Petition, Answer and supplemental briefing to address two specific points, however, the Board of Immigration Appeals ("BIA") affirmed the immigration judge's order denying Petitioner relief and ordered him removed to Canada. *See Li v. Barr*, Civil Action No. 20-301 (2d Cir. Jan. 23, 2020). Because his detention was now governed by 8 U.S.C § 1231, it appeared the challenges to his pre-removal-order detention under § 1226(a) were no longer viable. *See Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (stating "insofar as [petitioner] challenges the lawfulness of his detention pursuant to § 1226(c), and he is no longer in custody pursuant to this statute, his appeal is moot and must be dismissed for lack of jurisdiction"); *Ricardo T. v. Green*, No. 19-11148, 2019 WL 4926854, at *2 (D.N.J. Oct. 7, 2019) ("[T]he petition seeks relief from prolonged detention under § 1226(a). Such relief must be denied as moot. Petitioner is no longer awaiting a ruling on removal, but has finally been ordered removed.").

3. In an Order, the Court gave Petitioner 15 days to file a response before dismissing the Amended Petition as such. (ECF No. 56.) More than 30 days after that Order, Petitioner filed a letter opposing dismissal. (ECF No. 58.)

4. As the Court stated in its February 6, 2020 Order, and as argued by Respondents in their submissions, while Petitioner was initially detained pursuant to 8 U.S.C. § 1226(a), the authority for his detention shifted to 8 U.S.C. § 1231 on January 21, 2020 when the BIA dismissed his appeal and his order of removal became final. *See* 8 U.S.C. § 1231(a); 8 C.F.R. § 1241.1(a) (order of removal becomes final upon final decision on appeal by BIA); *Leslie v. Att'y Gen.*, 678 F.3d 265, 268-70 (3d Cir. 2012). At that point, the challenges to his pre-removal order detention became effectively moot. *See Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (stating "insofar as

[petitioner] challenges the lawfulness of his detention pursuant to § 1226(c), and he is no longer in custody pursuant to this statute, his appeal is moot and must be dismissed for lack of jurisdiction"); *Ricardo T. v. Green*, No. 19-11148, 2019 WL 4926854, at *2 (D.N.J. Oct. 7, 2019) ("[T]he petition seeks relief from prolonged detention under § 1226(a). Such relief must be denied as moot. Petitioner is no longer awaiting a ruling on removal, but has finally been ordered removed.").

5. In his submissions, Petitioner argues pursuant to *Diop v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011), his detention under § 1226 falls into the "capable of repetition yet evading review exception to mootness." (ECF Nos. 58, 63.) This exception applies when "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." *Diop*, 656 F.3d at 227.

6. Petitioner's case is distinguishable from the petitioner in *Diop*. In *Diop*, the Third Circuit held a challenge to an 8 U.S.C. § 1226(c) detention was not moot even though the petitioner had been released from custody after determining the challenge fell within the "special mootness exception for cases that are capable of repetition while evading review." *Diop*, 656 F.3d at 227 (internal citation and quotation omitted). However, unlike the Petitioner in this case, *Diop* was not subject to a final order of removal and had been released from detention after his criminal conviction was vacated. As a result, the Third Circuit found Diop's claim was capable of repetition because the Government could once again detain him under § 1226(c) if the vacatur of his conviction was overturned on appeal. *See id.* at 228.

While Petitioner would again be subject to § 1226(a) detention if the Second Circuit were to grant him a stay or relief in his petition for review, the Court notes he has not even sought a stay

and the possibility he could again be subject to § 1226(a) detention is speculative. *See Quezada v. Hendricks*, 821 F. Supp. 2d 702, 708 (D.N.J. 2011) ("[T]he only way he could again be subject to pre-removal period detention under § 1226(c) is if the Third Circuit were to grant his petition for review, vacate the order of removal, and remand the case to the BIA. Unlike Diop whose 'newfound freedom is the fragile result of several precarious conditions,' *Diop*[, 656 F.3d] at 229, the prospect of Quezada once again being detained under § 1226(c) is too speculative to constitute a 'reasonable expectation that the same complaining party will be subject to the same action again.'") (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)); *see also Jean A. v. Dep't of Homeland Sec.*, No. 19-13951, 2019 WL 6318305, at *2 n.2 (D.N.J. Nov. 26, 2019) (dismissing petition challenging § 1226(c) detention when petition for review was pending before Second Circuit with no court-ordered stay).

7. Since Petitioner is no longer detained under § 1226(a), and his case does not satisfy the "capable of repetition yet evading review" exception, the Court finds his arguments regarding his unlawful detention under § 1226(a) are no longer at issue.[1] *See Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009) (appeal of order dismissing § 2241 petition challenging pre-removal-period detention under 8 U.S.C. § 1226(c) became moot when BIA dismissed appeal from order of removal: "The injury alleged, unreasonably long pre-final order of removal detention under 8

---

[1] The Court also notes with regard to his allegations regarding denial of medical care, it appears Petitioner intended to raise a civil rights claim as he is seeking "damages (including monetary damages; physical, mental and emotional pain and suffering; mental anguish, embarrassment and humiliation) in an amount to be determined at trial." (Pet. ¶ 114.) Such a claim for damages is not cognizable in a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

U.S.C. § 1226(c), can no longer be redressed by a favorable judicial decision"); *Ufele*, 473 F. App'x at 146.

8. Moreover, any claim Petitioner has regarding prolonged detention under § 1231 is premature at this time. The propriety of post-removal-order detention is controlled by the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) and the Third Circuit's decision in *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208, 225-26 (3d Cir. 2018). As the Supreme Court has explained:

> Under [§ 1231(a)], when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days, 8 U.S.C. § 1231(a)(1)(A), and the alien must be detained during that period, § 1231(a)(2). After that time elapses, however, § 1231(a)(6) provides only that aliens "may be detained" while efforts to complete removal continue.
>
> In *Zadvydas*, the Court construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond "a period reasonably necessary to secure removal," 533 U.S.[] at 699, 121 S.Ct. 2491[,] and it further held that six months is a presumptively reasonable period, *id.* at 701, 121 S.Ct. 2491. After that, the Court concluded, if the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release the alien. *Ibid.*

*Jennings v. Rodriguez*, ––– U.S. ––––, 138 S. Ct. 830, 843, 200 L.Ed.2d 122 (2018). Pursuant to *Zadvydas*, any challenge to § 1231 detention by an alien who has been detained pursuant to § 1231(a) for less than six months must be dismissed as prematurely filed. *Id.*; *Zadvydas*, 533 U.S. at 701, 121 S.Ct. 2491. Although the Third Circuit has provided an alternative avenue for relief in the form of a bond hearing for those alien's whose detention under § 1231(a) has become prolonged, the Third Circuit, too, has recognized such challenges may not be brought until the alien has been held under § 1231(a) for at least six months. *See Guerrero-Sanchez v. Warden York*

5

*Cty. Prison*, 905 F.3d 208, 225-26 (3d Cir. 2018). *Zadvydas* and *Guerrero-Sanchez* thus make it abundantly clear an alien detained pursuant to § 1231(a) must be held during the statutory ninety-day removal period, and he may not challenge his detention under § 1231 until the presumptively reasonable six month period flowing from the removal period has expired. Because Petitioner's removal period only began upon the Board's decision ordering him removed which was issued approximately two months ago, Petitioner is well within the removal period, and any challenge to his current immigration detention is thus premature.

9. An appropriate order follows.[2]

Date: April 8, 2020

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court also notes Petitioner raises arguments about the recent COVID-19 outbreak in his April 3, 2020 letter. (ECF No. 63). It appears he is highlighting that issue to underscore the importance of granting him relief on his underlying claims in the Petition. To the extent he intended to seek a temporary restraining order or other emergent relief, the Court notes Petitioner does not cite to any law or other support for his request, nor does he address the requirements for obtaining such relief.